## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

YXRAY GMBH                                                                    PLAINTIFF

v.                                    No. 4:10-cv-722-DPM

WELSPUN TUBULAR LLC                                          DEFENDANT

### ORDER

The Court reluctantly granted a continuance in this case, resetting trial for August 2012. *Document Nos. 48 & 50.* Several motions remain pending; and because their resolution may aid the parties in preparing for trial and evaluating their claims, the Court rules now.

1. **YXRAY's Motion For Leave To Amend The Complaint.** At issue is a clause in the parties' contract providing for engineers to work, on-site at Welspun's facility, "for appr. 25 to 30 working days" to complete the "mounting and set in function" of the x-ray equipment. YXRAY charged Welspun for 144 working days, part of which remains unpaid and thus YXRAY's breach claim. YXRAY now wants to amend its complaint to assert

restitution as a fall-back theory of recovery.   YXRAY's claim is on the contract—however imperfect it may be—and therefore the enforceable written agreement governs the parties' relationship and the remedies available in this dispute.

In general, Arkansas law "never accommodates a party with an implied contract when he has made a specific one on the same subject matter." *Glenn Mechanical, Inc. v. South Arkansas Regional Health Center, Inc.*, 101 Ark. App. 440, 445, 278 S.W.3d 583, 587 (2008) (quotation omitted).   And although this "general rule" has many exceptions, *United States v. Applied Pharmacy Consultants, Inc.*, 182 F.3d 603, 606-07 (8th Cir. 1999) (Richard S. Arnold, J.), none of them apply here.   The parties have an enforceable written contract covering the issue in dispute.   The reasonableness of YXRAY's performance beyond the "25 to 30 working days" and the allocation of risk for the cost of that performance are contested matters.   But that contest must occur on the parties' contract, not as a matter of unjust enrichment.   *Glenn Mechanical*, 101 Ark. App. at 443-445, 278 S.W.3d at 585–86.

Nor is this a case of "overperformance," *cf. QHG of Springdale, Inc. v. Archer*, 2009 Ark. App. 692, at 13–14, --- S.W.3d at ---.   The "mounting and set

in function" was a bargained-for element in the contract, one that YXRAY was obligated to perform, notwithstanding the parties' dispute about the reasonableness of how long YXRAY took in performing. YXRAY's motion for leave to file an amended complaint, *Document No. 41*, is therefore denied.

2. **Welspun's Motion** *In Limine.* Welspun objects to the admissibility of several emails in which various company officials propose to "clear all payments" and "pay all the pending dues" if YXRAY will send its employees to Arkansas to inspect and service the x-ray equipment. Welspun contends that this evidence should be excluded under Federal Rule of Evidence 408 as offers of compromise, or, in the alternative, as unfairly prejudicial under Rule 403. The Court is unconvinced. Rule 408 bars evidence of compromise only when offered to prove the "liability for," the "invalidity of," or the "amount of" a disputed claim. FED. R. EVID. 408(a) & Advisory Committee Note to the 2006 Amendment. YXRAY maintains that it will offer the emails not to prove liability or damages, but to counter Welspun's claim that YXRAY refused to repair the equipment, thus causing Welspun to purchase replacement equipment. YXRAY also says that the emails are relevant and necessary to its defense of prevention of performance — Welspun allegedly refused to allow

-3-

YXRAY's representatives in to the Arkansas facility.  The Court agrees that admissibility for these purposes takes the evidence outside Rule 408 and substantiates its probative value under Rule 403.  If Welspun wants limiting instructions, it should propose them.  Welspun's motion *in limine* is denied.

3.   **YXRAY's Motion** *In Limine.*  YXRAY seeks to stop introduction of conversations that Welspun representatives had with employees of NorthStar Imaging.   Welspun hired NorthStar to inspect and evaluate the x-ray equipment supplied by YXRAY.  YXRAY contends that NorthStar employees may have given opinions about the cause of the alleged problems with the equipment and that these statements are inadmissible under Rules 801 and 802.

The statements, if any, are admissible.  Out-of-court statements are hearsay only if offered to prove the truth of the matter asserted.  FED. R. EVID. 801(c). Welspun suggests that any statements by NorthStar employees would be offered only to show Welspun's motivation and basis for obtaining and paying for replacement x-ray equipment.  Testimony may be admitted under Rule 801(c) to show why a party "did what [it] did as a result of [a] conversation, rather than to show the truth of the matter asserted in that

-4-

conversation." *United States v. Amahia*, 825 F.2d 177, 181 (8th Cir. 1987).

Because the NorthStar statements would not be offered for their truth, they

are admissible for the limited purpose of establishing why Welspun acted to

obtain replacement equipment.   Here again, a limiting instruction may be

needed.   If YXRAY thinks so, it should propose one.   YXRAY's motion *in*

*limine* is therefore denied.

*   *   *

YXRAY's motion for leave to file an amended complaint, *Document No.*

*41*, Welspun's motion *in limine*, *Document No. 34*, and YXRAY's motion *in*

*limine*, *Document No. 39*, are all denied.

So Ordered.

_DP Marshall Jr_

D.P. Marshall Jr.
United States District Judge

_16 December 2011_